O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS HOOPER,<br><br>        Plaintiff,<br><br>  v.<br><br>LINDA SANDERS, WARDEN;<br>M. VELASCO, CASE<br>MANAGER,<br><br>        Defendants. | Case No. CV 09-07711 VAP (CW)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

Movant/Defendant Marcus Hooper ("Hooper") filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") on August 28, 2009, in the United States District Court for the Western District of New York ("New York District Court"). (Doc. No. 1.) Movant's Petition was transferred to this Court on October 23, 2009. (See Doc. No. 4.) He argues that the Bureau of Prisons ("BOP") has not given him proper credit for time served in custody, and seeks an order that he be released forthwith. (Pet. at 1-2.)

1 | On February 11, 2010, the Government filed its motion to dismiss urging dismissal because the BOP calculated Movant's in-custody time properly, and because Movant failed to exhaust his administrative remedies with the BOP before filing suit. (Doc. No. 12 (Mot. Dismiss) at 1.) Movant did not file an opposition to the Motion to Dismiss.

## I. BACKGROUND

In 1989, Movant was charged with a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c). (Decl. of Bryan Erickson ("Erickson Decl." ¶ 6(a).) Movant pled guilty before the New York District Court to both counts, and on August 21, 1992, was sentenced to a total of 94 months imprisonment. (Erickson Decl., Ex. A. (J. & Commitment Order, Case No. 89 CR 000158-001-A).) There is no indication in the record before the Court that Movant filed a direct appeal from his conviction or sentence.

## II. DISCUSSION

The Government first contends Movant's petition is moot because on an unspecified date after Movant filed his Petition, the BOP awarded him 573 days credit for time spent in federal custody. (Erickson Decl., Ex. F at 4.) Given the sparsity of allegations in Movant's Petition, it is unclear if the BOP awarded Movant credit

for the entire period for which he asserts credit is due. The Court need not resolve this issue, however, as the Petition should not have been brought in the first instance.

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (collecting cases); see also Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991) ("Generally, a federal prisoner is required to exhaust his federal administrative remedies before filing a habeas petition.").

Here, even if Movant's petition is not moot, it is improper because Movant has not exhausted the available federal administrative remedies prior to bringing his petition. On May 21, 2009, the BOP denied Movant's request for an administrative remedy, but permitted Movant to "submit an appeal on the appropriate form (BP-10) to the Regional Director within twenty (20) days of the date of this [denial]." (Pet., Ex. 1B.) Movant did not appeal this response. (Decl. of Eliezer Ben-Shmuel ¶ 4.) Accordingly, Movant has not exhausted his administrative remedies.

1    The Court therefore DISMISSES Movant's Petition
2 WITHOUT PREJUDICE.
3
4
5 Dated:  May 31, 2011                    _____
                                            VIRGINIA A. PHILLIPS
6                                         United States District Judge

4